UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERRY LAYNE, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>　Defendant. ) | Case No.: 1:16-cv-470-TRM-CHS |

## **REPORT AND RECOMMENDATION**

I.　Introduction

    This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying Terry Layne's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided by the Social Security Act.

    This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(b) for a report and recommendation on Plaintiff's Motion for Judgment on the Administrative Record [Doc. 16] and the Commissioner's Motion for Summary Judgment [Doc. 20].

    The Commissioner determined that Plaintiff is not disabled under the Act. Finding that such determination is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g), I **RECOMMEND** that Plaintiff's motion [Doc. 16] be **DENIED**, the Commissioner's motion [Doc. 20] be **GRANTED**, and the Commissioner's decision be **AFFIRMED**.

1

II. Background

    A. Procedural History

On April 29, 2013, Plaintiff protectively filed for DIB and SSI under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381 *et seq.*, based on back and leg pain associated with failed back syndrome[1] [Tr. 176-184, 198].[2] Plaintiff's claims were denied initially and on reconsideration [Tr. 80-81, 110-111, 144-149, 152-157]. On September 2, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Wesley Kliner [Tr. 25-79]. On December 7, 2015, the ALJ issued a decision finding that Plaintiff was "not disabled," as defined in the applicable sections of the Act, because work existed in the national economy that he could still perform [Tr. 10-18]. On September 21, 2016, the Appeals Council denied Plaintiff's request for review [Tr. 1-3]. Thus, Plaintiff has exhausted his administrative remedies, and the ALJ's decision stands as the Commissioner's final decision subject to judicial review. *See* 42 U.S.C. § 405(g).

    B. Relevant Facts

*Plaintiff's Age, Education, and Past Work Experience*

Plaintiff is currently a forty-seven-year-old individual who performed past relevant work as an assistant supervisor at a plastic company and as a cabinet maker [Tr. 37, 68-69, 216]. At the time of his amended alleged onset date of June 1, 2011, Plaintiff was forty years old [Tr. 176, 178].

---

[1] The Court will focus its review of the record on the impairments that are relevant to Plaintiff's Motion for Judgment on the Administrative Record [Doc. 16].

[2] An electronic copy of the administrative record is docketed at Doc. 10.

*Plaintiff's Testimony and Medical History*

The parties and the ALJ have summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters as relevant to the analysis of the parties' arguments.

*The ALJ's Findings*

After considering the entire record, the ALJ made the following findings:

1. The claimant met the insured status requirements of the Social Security Act through June 30, 2015.

2. The claimant has not engaged in substantial gainful activity since June 1, 2011, the alleged onset date (20 CFR 404.1571, *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disk disease of the lumbar spine, major joint dysfunction, and affective and anxiety disorders (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except he can perform only occasional postural activities, but no climbing ladders, ropes, or scaffolding. The claimant can respond appropriately to supervisors, co-workers, and the public in frequent interactions. He is expected to be off task less than five percent of the time in an eight-hour workday due to mild to moderately limited concentration, persistence, and pace.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 20, 1970, which is defined as a

younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a high school level education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 12-18].

III. Analysis

A. Standard of Review

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must establish he is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful

activity he is not disabled; (2) if the claimant does not have a severe impairment he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he is disabled; (4) if the claimant is capable of returning to work he has done in the past he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to his former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he can perform considering his age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way,

without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

B. Discussion

Plaintiff presents three issues: (1) whether substantial evidence supports the ALJ's evaluation of his subjective complaints of pain and other symptoms; (2) whether "[t]he Commissioner improperly relied upon statements of opinion from State Agency reviewing doctor's [sic] denigration of the [sic] Mr. Layne's credibility rested on a mere scintilla of rationale"; and (3) whether the ALJ properly evaluated the severe impairments at step two [Doc. 17 at 8].

  1. *Subjective Complaints of Pain and Other Symptoms*

Plaintiff first argues that the ALJ erred in evaluating his subjective complaints of pain

and other symptoms [*Id.* at 8-10].

A claimant's statement that he is experiencing disabling pain or other subjective symptoms will not, taken alone, establish that he is disabled. 20 C.F.R. §§ 404.1529(a); 416.929(a). Evaluating subjective complaints requires a two-step analysis known in this circuit as the *Duncan* test. *See Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). Under the *Duncan* test,

> [f]irst, we examine whether there is objective medical evidence of an underlying medical condition. [Second], [i]f there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky*, 35 F.3d at 1038-39 (quoting *Duncan*, 801 F.2d at 853). Objective medical evidence constitutes medical signs and/or laboratory findings as defined in 20 C.F.R. §§ 404.1528(b)-(c) and 416.928(b)-(c).[3] However, the *Duncan* test "does not require objective evidence of the pain itself." *Felisky*, 35 F.3d at 1039 (internal citation omitted). The Commissioner may examine a number of other factors besides medical signs and laboratory findings to determine the severity of the alleged pain or other subjective symptoms once the underlying impairment is established by objective medical evidence. As the Social Security regulations explain,

> When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work. . . .

---

[3] The Social Security Administration revised its rules regarding the evaluation of medical evidence. 82 Fed. Reg. 5844-01, 2017 WL 168819. The revised regulations went into effect on March 27, 2017, *id.*, and are not applicable to this case. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations.").

7

20 C.F.R. §§ 404.1529(c)(1); 416.929(c)(1); *see also Felisky*, 35 F.3d at 1037-40.

In addition to the objective medical evidence, the claimant's own statements regarding the persistence, intensity, and limiting effects of his symptoms will be considered; however, in considering those statements, the claimant's credibility will be evaluated. *See Felisky*, 35 F.3d. at 1036-1037. It is the province of the Commissioner, not the reviewing court, to make credibility findings, but the Commissioner must clearly state the reasons if he finds the claimant to be lacking in credibility. *Id.* at 1036; *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant"). The ALJ's credibility findings "are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The SSA provides a checklist of other factors that the ALJ must consider to assess the severity of a claimant's subjective complaints, including the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; precipitating and aggravating factors; medication taken to alleviate pain or other symptoms; treatment other than medication received for relief of pain or other symptoms; and any other measures used to relieve the pain or other symptoms (such as lying down or standing for 15 to 20 minutes every hour). 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3); *see also Felisky*, 35 F.3d at 1037-38 (discussing 20 C.F.R. § 404.1529 pertaining to the evaluation of subjective complaints of symptoms such as pain).

8

Additionally, Social Security Ruling 96-7p[4] emphasizes that credibility determinations must find support in the record and not be based upon the ALJ's "intangible or intuitive notion[s]." 1996 WL 374186 at *4. In assessing the claimant's credibility, the ALJ must consider the record as a whole, including the claimant's complaints, lab findings, information provided by treating physicians, and other relevant evidence. *Id*. at *5. Consistency between the claimant's subjective complaints and the record evidence "tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 863 (6th Cir. 2011). The ALJ must explain the credibility determination such that both the claimant and subsequent reviewers will know the weight given to the claimant's statements and the reason for that weight. Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2.

In this case, after reviewing Plaintiff's medical records and testimony, the ALJ found that:

> . . . [T]he claimant is partially credible. Diagnostic imaging confirms moderate degenerative changes at two levels, which supports a residual functional capacity for a range of light work activity . . . . No definitive motor weakness is documented, so the claimant's need for a cane is not medically established. Consulting neurosurgeon Dr. Fromke confirmed the claimant has a medical basis for persistent pain, and I find the claimant's pain credibly diminishes his capacity for concentration, persistence, and pace, and contributes to the residual functional capacity for a diminished range of light activity.
>
> I do not find the claimant's pain is credibly so severe that he cannot perform the range of work set forth in the residual functional capacity finding above. For

---

[4] SSR 96-7p has been superseded by SSR 16-3p which eliminates the use of the term "credibility" from SSA policy, because the SSA's regulations do not use this term, and clarifies that subjective symptom evaluation is not an examination of a claimant's character. *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). SSR 16-3p became effective on March 28, 2016 (*see* 2016 WL 1237954), so it is not applicable to the ALJ's decision in this case.

> example, when the claimant completed physical therapy in January 2012, he rated his worst pain at three on a scale to ten . . . . His statement to Dr. Fromke in December 2012 that physical therapy did not help is therefore not credible and contradicted by substantial other evidence . . . . The claimant reportedly tried to work in his father's cabinet-making business after 2011, and I give considerable weight to his pain management provider's suggestion that the claimant should try other work . . . . The claimant did not try less physically demanding work, but filed for disability. Significant work-related limitations from the claimant's impairments are credible, but I find no substantial evidence supports greater limitation that set forth above.

[Tr. 16].

After reviewing the record and the ALJ's decision, the Court concludes that the ALJ applied the proper legal standards and sufficiently articulated the reasons for discounting Plaintiff's subjective complaints. The ALJ discussed several of the appropriate factors in discounting Plaintiff's claims of disabling symptoms [*Id.*]. First, the ALJ considered that the objective medical evidence of record, including diagnostic imaging and physical evaluations, did not fully support Plaintiff's claim of disabling pain [Tr. 16]. Although not determinative of credibility, the lack of objective medical evidence supporting a claimant's alleged limitations is one factor an ALJ may consider. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a); *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013).

The ALJ also considered that Plaintiff received treatment for low back pain and underwent surgery in September 2011 [Tr. 15, 276-340, 361]. However, the ALJ noted that Plaintiff reported significant improvement in his pain levels following surgery, and that his neurosurgeon discharged him from care in December 2011, less than a year after his amended alleged onset date [Tr. 15, 361-362]. The ALJ also noted that when Plaintiff completed physical therapy in January 2012, he rated his worst pain as a three out of ten [Tr. 15, 368]. Such

10

evidence shows improvement in Plaintiff's symptoms with surgery and physical therapy, and the ALJ was entitled to find that this evidence was inconsistent with claims of disabling pain since January 2011. *See Smith v. Comm'r of Soc. Sec.*, 564 F. App'x 758, 762-763 (6th Cir. 2014) (evidence that medical issues can be improved with treatment supports denial of disability benefits)).

Next, the ALJ considered that the record contained inconsistencies that diminished the credibility of Plaintiff's allegations of disabling pain [Tr. 16]. *See Stroud v. Comm'r of Soc. Sec.*, 504 F. App'x 458, 460 (6th Cir. 2012) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476-477 (6th Cir. 2003) (holding that an ALJ's credibility determination was reasonably based on the claimant's inconsistent testimony)). The ALJ noted that, although Plaintiff had rated his worst pain as a three out of ten in January 2012, in December 2012 he told Dr. Fromke that physical therapy had not helped his pain level [Tr. 16, 356, 368]. The ALJ found Plaintiff's statement to Dr. Fromke not credible and contradicted by his physical therapy records showing significant improvement in pain [Tr. 16]. An ALJ may consider whether an individual's allegations are consistent with the medical evidence. *See Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("The ALJ reasonably discounted Temples' testimony concerning the severity of her pain because her testimony was inconsistent with the medical evidence of record.").

Similarly, the ALJ observed that Plaintiff began using a cane, somewhat inconsistently, in 2013 [Tr. 15-16]. The records indicate that Plaintiff began using a cane and walking with an antalgic gait at pain management appointments beginning in April 2013, the same month that he applied for disability benefits [Tr. 176-177, 494, 499, 503, 534]. Before that time, physical

11

examinations consistently documented a normal gait [Tr. 288, 515, 531]. The ALJ noted that primary care records did not document an abnormal gait or the use of a cane in April or May 2013, although records from a new provider showed an antalgic gait and cane in September 2014 [Tr. 15, 387-388, 551]. Thus, the ALJ determined that Plaintiff had not established a medical need for a cane because his physical examinations showed no definite motor weakness [Tr. 16].

The ALJ further considered that Plaintiff tried to work in his father's cabinet making business after 2011, which he described as medium to heavy exertion activity [Tr. 16, 218, 512]. Plaintiff's pain management provider suggested that he try other work [Tr. 16, 529]. The ALJ noted, however, that Plaintiff did not attempt less physically demanding work, but filed for disability instead [Tr. 16]. The ALJ gave considerable weight to the pain management provider's statement when evaluating the credibility of Plaintiff's allegations of disabling pain. A claimant is not under a disability if, considering his age, education, and work experience, he can engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. §§ 404.1566(c)(8); 416.966(c)(8) ("We will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because . . . [y]ou do not wish to do a particular type of work.").

Ultimately, the ALJ concluded that Plaintiff's impairments reduced his residual functional capacity ("RFC") and that he could no longer do the work that he used to do [Tr. 14, 17]. However, the ALJ found that the record did not support the conclusion that Plaintiff's pain was so severe as to preclude all work. As detailed above, the ALJ set forth a specific analysis evaluating several of the appropriate regulatory factors and concluding that Plaintiff's subjective

12

complaints of symptoms were not fully credible. The Court concludes that the ALJ properly weighed the evidence in the record and did not err in assessing the credibility of Plaintiff's statements. The ALJ's assessment is supported by substantial evidence and complies with *Duncan*, 20 C.F.R. §§ 404.1529 and 416.929, and SSR 96-7p.

2. *Evaluation of Medical Opinions*

Plaintiff next argues that "[t]he Commissioner improperly relied upon statements of opinion from State Agency reviewing doctors who's [sic] denigration of the [sic] Mr. Layne's credibility rested on a mere scintilla of rationale" [Doc. 17 at 10]. Although it is not clearly stated, the Court interprets Plaintiff's argument to be that the ALJ erred by relying on the state agency medical consultants' opinions that he was capable of a range of light work [*Id*.].

The Regulations require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. §§ 404.1527(c); 416.927(c). However, every medical opinion is not treated equally, and the Regulations describe three classifications for acceptable medical opinions: (1) nonexamining sources; (2) nontreating sources; and (3) treating sources. A nonexamining source is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." 20 C.F.R. §§ 404.1502; 416.902. A nontreating source is described as "a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]." *Id.* Finally, the Regulations define a "treating source" as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20

13

C.F.R. §§ 404.1502; 416.902; *accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013).

An ALJ is required to give a treating source's medical opinion "controlling weight" if: "(1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2)); *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 696 (6th Cir. 2007). If the treating source's medical opinion is not entitled to controlling weight, the ALJ must determine the appropriate weight to give the opinion based upon consideration of the factors in 20 C.F.R. §§ 404.1527(c)(2)-(6) and 416.927(c)(2)-(6) and must give "good reasons" that are supported by the evidence in the record and sufficiently specific to permit "meaningful review of the ALJ's application of the rule." *Gayheart*, 710 F.3d at 376 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal citations omitted)).

An ALJ is not bound by the findings of state agency physicians, but is required to consider their opinions. 20 C.F.R. §§ 404.1527(e); 416.927(e); Soc. Sec. Rul. 96-6p. The Regulations explain that "[s]tate agency medical and psychological consultants and other program physicians . . . are highly qualified . . . experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i); 416.927(e)(2)(i). However, opinions from nontreating sources and nonexamining sources are never assessed for controlling weight. *See Gayheart*, 710 F.3d at 376. An ALJ may afford weight to a nontreating or nonexamining source, "but only if a treating-source opinion is not deemed controlling." *Id.* The ALJ must evaluate a state agency physician's medical opinion in light of the factors provided in 20 C.F.R. §§ 404.1527(a)-(d) and

14

416.927(a)-(d) and explain the weight given to his or her opinion. 20 C.F.R. §§ 404.1527(e)(2)(ii); 416.927(e)(2)(ii).

In this case, as the ALJ noted, "no treating source offered an opinion regarding the nature and limited effects of [Plaintiff's] impairments" [Tr. 16]. In the absence of such an opinion, the ALJ afforded "significant weight" to the opinions of the state agency medical consultants who reviewed Plaintiff's medical records and opined that he had functional limitations consistent with a range of light work [Tr. 16, 89-92, 104-106, 121-123, 136-138]. The consultants noted that multiple examinations documented a normal gait, negative straight leg raises, and a full range of motion in the lumbar spine [Tr. 91, 105, 122, 137]. The consultants also found that Plaintiff's alleged pain and limitations exceeded the objective findings and that Plaintiff had reported an array of activities of daily living that he was capable of performing [Tr. 91, 105, 123, 137-138]. The ALJ determined that "[s]ubsequent treatment records and MRI studies fail[ed] to show objective worsening that would preclude [a] range of light work activity" [Tr. 17]. The ALJ concluded that "[s]ignificant work-related limitations" were appropriate given Plaintiff's impairments, but that the evidence as a whole did not support greater limitations than a range of light work [Tr. 16].

Plaintiff claims that the ALJ erroneously relied on the state agency medical consultants' opinions because they did not elaborate how his activities of daily living were inconsistent with his subjective complaints [Doc. 17 at 10]. However, as Plaintiff concedes in his brief, pain management records repeatedly indicated that he was able to perform "all" activities of daily living "without assistance" [Tr. 495, 500, 504, 533, 578]. Additionally, Plaintiff reported a range of daily activities such as watching television, reading, driving, shopping, preparing simple

15

meals, washing dishes, caring for pets, and attending to all of his personal care [Tr. 91, 105, 122, 137, 208-212]. Contrary to Plaintiff's contention, the evidence in the record amply supports the state agency medical consultants' assessments.

Moreover, the question before the Court is not whether substantial evidence supports the consultants' opinions, but whether the record as a whole supports the ALJ's decision. In the absence of a controlling treating source opinion, the ALJ was permitted to rely on the opinions of nonexamining consultative sources such as these. *See Pendergraph v. Berryhill*, No. 1:15-cv-298, 2017 WL 1207588, at *6 (E.D. Tenn. Mar. 31, 2017); *see also Mitchell v. Berryhill*, No. 1:15-cv-168, 2017 WL 886494, at *3-4 (E.D. Tenn. Mar. 6, 2017). The ALJ appropriately considered the state agency medical consultants' opinions as one piece of evidence supporting the conclusion that Plaintiff could perform a range of light work [Tr. 16]. The ALJ also discussed Plaintiff's treatment records, other medical opinions of record, and Plaintiff's testimony, among other things, in making the disability determination [Tr. 15-16]. The Court concludes that the ALJ did not err in his assessment of the state agency medical consultants' opinions.

3. *Evaluation of Severe Impairments*

At step two, the ALJ found that Plaintiff had severe impairments identified as "degenerative disk disease of the lumbar spine, major joint dysfunction, and affective and anxiety disorders" [Tr. 12]. The ALJ found, however, that Plaintiff's alleged impairments of "obesity, hypertension, and other disorders of the ear" were not severe impairments [*Id.*]. Plaintiff argues that the ALJ erred by not addressing whether his carpal tunnel syndrome was a severe impairment [Doc. 17 at 11].

16

At step two of the sequential evaluation process, an ALJ must determine whether a claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c); 416.920(c). An impairment or combination of impairments is severe if it significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521(b)(1)-(2); 416.921(b)(1)-(2). To be a severe impairment, an impairment must be established by medical evidence and must last for a continuous period of at least twelve months. *See* 20 C.F.R. §§ 404.1508; 404.1509; 416.908; 416.909.

The Regulations require an ALJ to consider both severe and non-severe impairments when determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2) (explaining that "[i]f you have more than one impairment[,] [w]e will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). However, the Sixth Circuit has explained that it is not reversible error when an ALJ fails to find an impairment severe at step two so long as "the ALJ found at least one severe impairment and continued the sequential analysis and ultimately addressed all of the [plaintiff's] impairments in determining [his] residual functional capacity." *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)); *see also* 20 C.F.R. §§ 404.1523(c); 416.923(c).

17

In this case, the ALJ considered all of Plaintiff's allegedly disabling impairments [Tr. 10-18]. In his application for disability, Plaintiff did not allege a hand impairment [Tr. 198]. To the contrary, Plaintiff stated that he had no problem using his hands, and he reported no changes in his illnesses or conditions during the administrative appeals [Tr. 213, 226, 235]. Although Plaintiff testified to having pain in his hands [Tr. 48-50], his testimony was not sufficient to establish a severe impairment. *See* 20 C.F.R. 404.1508, 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."). This is particularly true in a case such as this where the ALJ discounted the credibility of Plaintiff's subjective complaints of pain.

Contrary to Plaintiff's argument, the medical record in this case does not establish the existence of a severe hand impairment. Plaintiff complained of right hand pain, along with low back pain and leg numbness, to his primary care provider in July 2012 [Tr. 397]. A physical examination showed a positive Phalen's sign of the right wrist [Tr. 398]. Plaintiff was diagnosed with "CTS" and received a right wrist splint [*Id.*]. However, Plaintiff did not mention any wrist pain at an appointment the following month or anytime thereafter until the administrative hearing in 2015 [Tr. 387-396]. Indeed, subsequent treatment records documented moderate grip strength and no difficulty lifting a cup or opening a jar [Tr. 494, 499, 503, 529, 534, 567, 569, 577, 582, 587, 592, 623].

An isolated diagnosis alone does not establish a severe impairment if the record does not show significant work-related limitations. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007) ("The mere existence of those impairments, however, does not establish

18

that Despins was significantly limited from performing basic work activities for a continuous period of time."); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (A "mere diagnosis . . . says nothing about the severity of the condition."). Plaintiff's medical record does not demonstrate the existence of a hand impairment that significantly limits his ability to do basic work activities. Accordingly, the Court concludes that the ALJ did not err by failing to address whether Plaintiff's carpal tunnel syndrome was a severe impairment.

IV. Conclusion

Having carefully reviewed the administrative record and the parties' briefs filed in support of their respective motions, I conclude that there is substantial evidence in the record to support the ALJ's findings and the Commissioner's decision, and that neither reversal nor remand is warranted on these facts. With such support, I find that the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *See, e.g.*, *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Accordingly, I **RECOMMEND** that Plaintiff's Motion for Judgment on the Administrative Record [Doc. 16] be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 20] be **GRANTED**, and the Commissioner's decision be **AFFIRMED**.[5]

*/s/Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file specific objections within the time specified can constitute a waiver of further appeal of this Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).